OPINION
{¶ 1} On May 17, 2004, appellant, Natalie Dotson, was charged with one count of disorderly conduct with persisting behavior after a reasonable warning or request to desist in violation of Sections 509.03(A)(1) and (E) of the Codified Ordinances of the City of Mount Vernon.
 {¶ 2} A jury trial commenced on December 2, 2004. The jury found appellant guilty as charged. By judgment entry filed December 6, 2004, the trial court sentenced appellant to thirty days in jail.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 4} "THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT FAILED TO CONSIDER THE FACTORS FOR IMPOSITION OF A MISDEMEANOR SENTENCE AS REQUIRED BY R.C. § 2929.22 AND IMPOSED THE MAXIMUM SENTENCE OF THIRTY DAYS FOR A MISDEMEANOR OF THE FOURTH DEGREE."
 I {¶ 5} Appellant claims the trial court erred in failing to consider the sentencing factors set forth in R.C. 2929.22, and in sentencing her to the maximum sentence. We disagree.
 {¶ 6} Misdemeanor sentencing rests in the sound discretion of the trial court. R.C. 2929.22(A). In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
 {¶ 7} R.C. 2929.22 governs sentencing on misdemeanors and states the following:
 {¶ 8} "(B)(1) In determining the appropriate sentence for a misdemeanor, the court shall consider all of the following factors:
 {¶ 9} "(a) The nature and circumstances of the offense or offenses;
 {¶ 10} "(b) Whether the circumstances regarding the offender and the offense or offenses indicate that the offender has a history of persistent criminal activity and that the offender's character and condition reveal a substantial risk that the offender will commit another offense;
 {¶ 11} "(c) Whether the circumstances regarding the offender and the offense or offenses indicate that the offender's history, character, and condition reveal a substantial risk that the offender will be a danger to others and that the offender's conduct has been characterized by a pattern of repetitive, compulsive, or aggressive behavior with heedless indifference to the consequences;
 {¶ 12} "(d) Whether the victim's youth, age, disability, or other factor made the victim particularly vulnerable to the offense or made the impact of the offense more serious;
 {¶ 13} "(e) Whether the offender is likely to commit future crimes in general, in addition to the circumstances described in divisions (B)(1)(b) and (c) of this section.
 {¶ 14} "(2) In determining the appropriate sentence for a misdemeanor, in addition to complying with division (B)(1) of this section, the court may consider any other factors that are relevant to achieving the purposes and principles of sentencing set forth in section2929.21 of the Revised Code.
 {¶ 15} "(C) Before imposing a jail term as a sentence for a misdemeanor, a court shall consider the appropriateness of imposing a community control sanction or a combination of community control sanctions under sections 2929.25, 2929. 26, 2929.27, and 2929.28 of the Revised Code. A court may impose the longest jail term authorized under section 2929.24 of the Revised Code only upon offenders who commit the worst forms of the offense or upon offenders whose conduct and response to prior sanctions for prior offenses demonstrate that the imposition of the longest jail term is necessary to deter the offender from committing a future crime."
 {¶ 16} R.C. 2929.21 as referenced in R.C. 2929.22(B)(2) states the following in pertinent part:
 {¶ 17} "(A) A court that sentences an offender for a misdemeanor or minor misdemeanor violation of any provision of the Revised Code, or of any municipal ordinance that is substantially similar to a misdemeanor or minor misdemeanor violation of a provision of the Revised Code, shall be guided by the overriding purposes of misdemeanor sentencing. The overriding purposes of misdemeanor sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the impact of the offense upon the victim and the need for changing the offender's behavior, rehabilitating the offender, and making restitution to the victim of the offense, the public, or the victim and the public."
 {¶ 18} Appellant argues the trial court did not consider all of the factors set forth in R.C. 2929.22 because sentence was imposed immediately after the jury returned with its verdict.
 {¶ 19} Appellant was convicted of disorderly conduct with persisting behavior after a reasonable warning or request to desist, a misdemeanor of the fourth degree. The trial court sentenced appellant to thirty days in jail.
 {¶ 20} There is no requirement that a trial court in sentencing on misdemeanor offenses specifically state its reasons on the record as is required in felony sentencing. State v. Adams, Licking App. No. 2002CA00089, 2003-Ohio-3169, ¶ 16.
 {¶ 21} The trial court heard the nature and circumstances of the offense during the jury trial. The testimony established appellant called the police herself in reference to a note placed on her vehicle and she "didn't want people messin' with her car." T. at 81. Mount Vernon Police Patrolman Scott McKnight responded and agreed to question the individuals appellant believed were responsible for leaving the note, her neighbors, Catrina and Becky Knight. T. at 83. Appellant asked to accompany Patrolman McKnight and he agreed, informing her to remain calm. Id. During the questioning, appellant "all of a sudden * * * just snapped." T. at 85. She repeatedly interrupted the questioning and used the "F-word." T. at 85-87. Patrolman McKnight issued "at least five or six" warnings to appellant, but she persisted. T. at 88. Finally, Patrolman McKnight arrested appellant for disorderly conduct and placed her in the back of the cruiser. Id. Patrolman McKnight testified although he has heard the "F-word" numerous times in his career, he stated he was concerned about "her demeanor and the way she was using it, and, and the way she was carrying herself after numerous attempts to try to get her to calm down. * * * I didn't know how she was going to react to anything." T. at 92. Appellant's behavior "absolutely" disrupted the investigation. Id.
 {¶ 22} Clearly appellant was made aware through repeated warnings that her behavior was interrupting the investigation and yet she persisted. Appellant was the aggressor and she refused to cooperate.
 {¶ 23} Pursuant to R.C. 2929.22(B)(2) and R.C. 2929.21, the trial court is permitted to consider "any other factors that are relevant" "to protect the public from future crime by the offender and others and to punish the offender." Given the facts sub judice, we fail to find any abuse of discretion by the trial court in sentencing appellant.
 {¶ 24} The sole assignment of error is denied.
 {¶ 25} The judgment of the Mount Vernon Municipal Court of Knox County, Ohio is hereby affirmed.
Farmer, J., Gwin, P.J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Mount Vernon Municipal Court of Knox County, Ohio is affirmed.